# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Darryl Giles, | ) |
| Plaintiff, | ) C.A. No.: 2:16-cv-1654-PMD-MGB |
| v. | ) **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court on United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R & R") (ECF No. 14). In her R & R, the Magistrate Judge recommends that the Court affirm the Acting Commissioner of Social Security's decision denying Darryl Giles' claim for disability benefits. Giles objects to the R & R. (ECF No. 16.) For the following reasons, the Court overrules Giles' objections, adopts the R & R, and affirms the Acting Commissioner's decision.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The administrative law judge ("ALJ") determined Giles' severe impairments included carpal tunnel syndrome, osteoarthritis of the knees, hypertension, Dupuytren's syndrome, and obesity. Giles contended that, between the pain those impairments caused him and the drowsiness and difficulty concentrating he experienced from taking medication for that pain, he could not work. The ALJ found the impairments prevented Giles from performing his past job of meat cutter. However, the ALJ found Giles' claims regarding the intensity, persistence, and limiting effects of his symptoms were "not entirely credible" because they were "inconsistent with the medical evidence and his activities of daily living." (R., ECF No. 9-2, at 22.) The ALJ concluded there were several jobs existing in significant numbers that Giles could perform, even with the light-work restriction the ALJ assigned. For that reason, the ALJ denied Giles' claim.

Giles asked the Commission's Appeals Council to review the ALJ's decision. In that appeal, he submitted a letter from Dr. Robert Fulmer, Giles' treating physician, that post-dated the ALJ's decision. The Appeals Council made the letter part of the record and took it into consideration. However, it found the letter did not warrant changing the ALJ's decision. The Council therefore declined to review the ALJ's decision.

In this action, Giles contends that substantial evidence does not support the ALJ's findings about his credibility and that this case should be remanded so the ALJ can consider Dr.

Fulmer's letter. The Magistrate Judge disagreed with both contentions. Giles now objects to portions of the Magistrate Judge's analysis of both issues.

## I. Giles' Credibility

As mentioned, the ALJ discounted Giles' complaints of pain, drowsiness, and difficulty concentrating because, in the ALJ's view, the record did not show those symptoms to be as intense, persistent, or limiting as Giles claimed them to be. Because the ALJ based that decision on the record's medical evidence and evidence of Giles' daily activities, the Magistrate Judge focused her substantial-evidence review on those two types of evidence. She determined substantial evidence in the record supports the ALJ's decision.

Many of Giles' arguments on this issue consist of pointing to pieces of evidence he contends show that his claims about his conditions are credible. However, that there may be evidence supporting Giles' position does not necessarily mean there is not also substantial evidence supporting the ALJ's contrary determination. The Magistrate Judge's thorough examination of the record demonstrates that truth. The Court therefore rejects those arguments without further discussion. The Court now turns to Giles' remaining arguments on this issue.

First, in reviewing the medical evidence for consistency with Giles' complaints, the Magistrate Judge noted that Dr. Fulmer apparently contradicted himself by completing a physical capacity evaluation form in 2012 and then stating in 2014 that his office was not qualified to do such a thing. Giles argues the Magistrate Judge erred in finding that someone else's contradiction makes Giles' complaints not credible. The Magistrate Judge never did such a thing; Giles' argument misapprehends the context in which the Magistrate Judge noted the contradiction. One of Giles' arguments in this action is that the ALJ erroneously treated Dr. Fulmer's opinions as inconsistent with his records. The Magistrate Judge cited Dr. Fulmer's

3

contradiction as one of several pieces of evidence disproving Giles' argument and supporting the ALJ's treatment of Dr. Fulmer's opinions.

Second, Giles accuses the Magistrate Judge of improperly defending the ALJ's credibility decision by creating post-hoc rationales for it from evidence in the record. The Court disagrees. The Magistrate Judge was performing her duty of ascertaining whether substantial evidence supported the ALJ's finding. Although some of the evidence she cited in her R & R was not explicitly mentioned in the ALJ's written opinion, it was not improper for the Magistrate Judge to rely on that evidence. *See Heeman v. Colvin*, No. 2:13-cv-3607-TMC, 2015 WL 5474679, at *3 (D.S.C. Sept. 16, 2015) ("[W]here the magistrate judge . . . points to additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not applying a post hoc rationale. Rather, the magistrate judge is simply noting that the substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record." (citations omitted)); *see also, e.g.*, *White v. Colvin*, No. 6:13-cv-1935-BHH, 2015 WL 892932, at *4 (D.S.C. Mar. 3, 2015) (rejecting same argument as Giles makes here).

Finally, in concluding substantial evidence supported the ALJ's finding that Giles' routine activities undermined Giles' claims of the extent of his incapacity, the Magistrate Judge cited *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). Giles contends his case is factually unlike *Johnson*. The Court disagrees. In *Johnson*, the Fourth Circuit held an ALJ logically reasoned that the claimant's complaints of severe pain, trouble concentrating, and being "doped up" from medications were inconsistent with her activities, which included attending church, reading, watching television, housekeeping, and managing home finances. 434 F.3d at 658. The same types of complaints, and the same types of activities, are present here. The Magistrate Judge aptly cited *Johnson*.

## II. Dr. Fulmer's Letter

The record before the ALJ included a substantial amount of materials from Dr. Fulmer, including treatment notes, an opinion he wrote in 2014, and a physical capacities evaluation form he completed in 2012. The ALJ gave little weight to the physical capacity findings Dr. Fulmer made in those materials because, in the ALJ's view, they were based primarily on Giles' subjective complaints to Dr. Fulmer during appointments.

When Giles appealed to the Appeals Council, he presented a letter Dr. Fulmer wrote in 2016 further commenting on his interactions with Giles and opining on Giles' functional capacity. According to Giles, Dr. Fulmer's 2016 letter undermines the ALJ's basis for rejecting Dr. Fulmer's opinions about Giles' residual functional capacity. Specifically, Giles argues the letter shows Dr. Fulmer's previous opinions were based on objective facts and not, as the ALJ found, Giles' subjective complaints

The Commission's regulations allow claimants to submit new evidence to the Appeals Council that was not presented to the ALJ. *See* 20 C.F.R. §§ 404.968, 404.970(b). In some cases, the introduction of such evidence compels a remand to the ALJ because it frustrates the reviewing court's efforts to determine whether substantial evidence supports the ALJ's decision. *See, e.g.*, *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) (finding remand warranted where ALJ's decision appeared to turn on lack of treating physician's report in record, and claimant later provided treating physician's report to Appeals Council). Giles contends his is such a case, and he asks the Court to remand this matter to the ALJ. The Magistrate Judge, however, concluded that remand is not warranted because the 2016 letter is cumulative and it is not reasonably likely that the letter would have changed the ALJ's mind.

Giles objects to the Magistrate Judge's assessment of the 2016 letter. The Court, however, finds her analysis of its several flaws to be well-reasoned. As the Magistrate Judge pointed out, those flaws include, *inter alia*, Dr. Fulmer contradicting his own prior opinion about how often Giles could use his hands, Dr. Fulmer relying in part on x-rays taken years before Giles stopped working, and Dr. Fulmer giving an opinion about Giles' concentration problems that Giles' own statements undermine. The Court agrees the letter is immaterial—that is, there is no reasonable possibility that this letter would have changed the ALJ's assessment of Dr. Fulmer's opinions.

Giles also argues the Magistrate Judge erred in citing three opinions at the end of her analysis of this issue. The Court declines to address the propriety of the Magistrate Judge citing those opinions. Even if her citations were misplaced, her analysis of the issue at hand is correct. Consequently, Giles' objection is overruled as academic.

### III. Overall Review of the R & R

The Court has reviewed the remaining portions of the R & R for clear error. Seeing none, the Court will adopt the R & R as its own opinion.

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that Giles' objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's final decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 17, 2017**
**Charleston, South Carolina**